# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5098 | **DATE** | 12/7/2012 |
| **CASE TITLE** | Bradley vs. Ultra Foods | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to appoint counsel [25] is granted. The Court appoints **David L. Witcoff,** Jones Day, 77 West Wacker Drive Suite 3500, Chicago, IL 60601-1692, (312)782-3939 Email: dlwitcoff@jonesday.com. Status hearing set for 1/29/2013 at 9:30AM.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

This is a Title VII employment discrimination and sexual harassment case. The court granted Plaintiff Keith Bradley's motion to proceed *in forma pauperis* [8]. On 11/08/2012, Ultra Foods answered the second amended complaint and asserted numerous affirmative defenses [23]. On 12/04/2012, Bradley renewed his motion to appoint counsel [25].

There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). However, the court has discretion to appoint counsel in Title VII cases under 42 U.S.C. § 2000e-5(f)(1)(B). The special provision for the appointment of counsel in Title VII cases indicates Congress' particular "concern for unrepresented Title VII litigants." *Darden v. Ill. Bell Tel.*, 797 F.2d 497, 501 n.3 (7th Cir. 1986).

In ruling on a *pro se* litigant's motion to appoint counsel, the court must consider as a threshold matter whether the indigent plaintiff has made reasonable attempts to secure counsel on his or her own, or if he or she has been precluded from doing so. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007); *see also Sherrill v. Potter*, 329 F. App'x 672, 675 (7th Cir. 2009) (applying the *Pruitt* factors in a Title VII case). Next, the court must evaluate the difficulty of the case – both factually and legally – to see whether the plaintiff appears competent to litigate it on his or her own. *Id.* at 655. Another consideration is whether the assistance of counsel would provide a substantial benefit to the court or the parties. *Id.* at 654; *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004). This requires the court to make a preliminary evaluation of the merits of a plaintiff's claim. *Jones v. WFYR Radio/RKO Gen.*, 626 F.2d 576, 577 (7th Cir. 1980), *overruled on other grounds, Randle v. Victor Welding Supply Co.,* 664 F.2d 1064 (7th Cir. 1981).

In this case, Bradley has made reasonable attempts to secure counsel, by contacting five different attorneys, but has not been able to retain one. The case does not appear to be particularly complicated legally, but from Bradley's complaint it appears that proving his claim will require obtaining evidence from a substantial

# STATEMENT

number of witnesses. Bradley has done a successful job explaining his claim in narrative, and amending his complaint in light of Ultra Food's motion for a more definite statement, but counsel would assist him in articulating his claims in a way Ultra Foods can more thoroughly answer. (*See* Answer ¶ 8-11, ECF No. 23, "Defendant is unable to answer the allegations . . . due to [each paragraph's] narrative form. To the extent it can answer, Defendant denies the allegations and demands strict proof thereof.") At this early stage, it appears Bradley has made out a colorable claim that his termination was the result of sexual harassment and sex discrimination.